## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAULA ENCARNACION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04 12021 MEL |
| ) | |
| UNITED STATE OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S ANSWER TO COMPLAINT AND JURY DEMAND

COMES NOW The United States of America ("Defendant"), by Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Mark Grady, Assistant United States Attorney, and, for its Answer to Plaintiff's Complaint, states as follows:

1. Defendant is without knowledge or information sufficient to form a belief to the allegations contained in Paragraph 1, and therefore, denies the same.

2. Defendant admits the allegations contained in Paragraph 2.

3. Paragraph 3 states a legal conclusion to which no response is necessary.

4. Defendant admits that it received an SF 95 from Plaintiff's attorney. The remainder of Paragraph 4 states a legal conclusion to which no response is necessary.

5. Defendant admits that the United States Postal Service issued a final denial by certified letter dated March 23, 2004. The remainder of Paragraph 5 states a legal conclusion to which no response is necessary.

6.  Defendant admits that the United States Postal Service is an independent establishment of the executive branch of the Federal Government, 30 U.S.C. §201. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 6.

7.  Defendant denies the allegations contained in Paragraph 7.

8.  Defendant denies the allegations contained in Paragraph 8.

## **AFFIRMATIVE DEFENSES**

1   Plaintiff's recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act.

2.  Pursuant to 28 U.S.C. § 2675(b), Plaintiff is prohibited from claiming or recovering an amount against the Defendant in excess of that set forth in Plaintiff's administrative claim presented to the United States Postal Service.

3.  Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a jury trial against the United States.

4.  Plaintiff's Complaint fails to state a claim or any claim upon which relief can be granted against Defendant.

5.  Plaintiff's damages and losses, if any, were solely and proximately caused by Plaintiff's own negligence, carelessness or recklessness.

6.  Plaintiff's fault and negligence in causing this alleged accident must be compared against the fault and negligence, if any, of Defendant, and Plaintiff's recovery, if any, must be diminished in proportion to Plaintiff's fault and negligence in causing the alleged accident. Further, Plaintiff is prohibited from

recovering any amount against Defendant if the negligence of Plaintiff is determined to be greater than any fault of Defendant.

7. Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiff cannot recover attorney's fees from the United States Postal Service.

8. Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for pre-judgment interest against Defendant.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: /s/ Mark J. Grady
Mark Grady
Assistant United States Attorney
District of Massachusetts
One Courthouse Way
United States Courthouse, Suite 9200
Boston, Massachusetts  02210
Telephone:  617/748-3136
Fax:            617/748-3971

## **CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that a copy of the foregoing was mailed this 8th day of March, 2005, to:

Andrew Barrett
McCarthy, Barrett & Norton, P.C.
21 McGrath Highway, Unit 301
Quincy, MA 02169

                                            /s/ Mark J. Grady
                                            Assistant United States Attorney